IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MARIO CABRERA,                                    )
                                                  )
        Plaintiff,                                )
                                                  )
v.                                                )   Case No.
                                                  )
NCL (Bahamas) Ltd. d/b/a NORWEGIAN CRUISE         )
LINE,                                             )
                                                  )
        Defendants.                               )

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff Mario Cabrera, by and through his undersigned counsel and hereby files suit against Defendant NCL (Bahamas) Ltd., d/b/a Norwegian Cruise Line and states:

1. This is an action for damages in excess of $75,000.00, exclusive of attorneys' fees, interest and costs.

2. At all times material Plaintiff was and is a citizen of Miami-Dade County, Florida.

3. At all times material Defendant was and is a foreign for profit corporation authorized to and doing business in Miami-Dade County, Florida.

4. Pursuant to the contract of passage the Plaintiff is required to file suit in United States District Court for the Southern District of Florida. An exemplar contract of passage is attached hereto as Exhibit "A".

5. All conditions precedent to the maintenance of this action have occurred and/or been waived by the defendant.

6.  At all times material Defendant acted through its agents, apparent agents, and/or ostensible agents.

7.  At all times material Defendant owned, operated, managed, maintained or controlled the MV Norwegian Epic.

8.  At all times material Plaintiff was a fare paying passenger aboard the MV Norwegian Epic.

9.  At all times material Defendant owed Plaintiff a duty of reasonable care to maintain the premises in a reasonably safe manner, to conduct reasonable inspections and to warn Plaintiff of any dangers which Defendant knew or should have known had Defendant performed reasonable inspections of their vessel.

10. On or about December 11, 2012 (the Defendant agreed to extend the statute of limitations to Plaintiff to February 10, 2014), Plaintiff was exiting towards the "Great Outdoors" area of Deck 15 when he slipped and fell on liquid which had been negligently permitted to collect on the floor.

11. The liquid which caused Plaintiff to fall was present on the Deck for a sufficient length of time that had Defendant conducted reasonable inspections, Defendant would have discovered the foreign transient substance and had an opportunity to correct the same. Alternatively, Defendant knew of the existence of the foreign transient substance but failed and/or refused to warn Plaintiff of said foreign transient substance which was not obvious to Plaintiff or other passengers.

12. As a direct and proximate result of Defendant's negligence, Plaintiff sustained serious personal injury to his neck and back.

13.     Defendant knew or should have known of the dangerous and/or unsafe condition(s) yet failed to warn the Plaintiff regarding the dangerous and unsafe condition(s).

14.     At all times material, Defendant failed and/or refused to do one or more of the following each, separately or in conjunction with each other cause or contributing cause of the Plaintiff's injuries:

    a.     Failure to exercise reasonable care for the safety of its passengers by creating a dangerous condition in and around the area on Deck 15 where Plaintiff fell.

    b.     Failure to properly maintain the area of Deck 15 by having a reasonable safety inspection of the same.

    c.     Failure to properly inspect the area of Deck 15 where Plaintiff fell prior to the incident.

    d.     Failure to warn the Plaintiff of the existence of the foreign transient substance.

15.     As a result of the defendant's negligence, Plaintiff has suffered and will continue to suffer bodily injury, physical pain and suffering, mental anguish, disability, disfigurement, physical impairment, inconvenience, loss of capacity for the enjoyment of life, loss wages and diminished earning capacity.  Plaintiff has also incurred medical expenses in the past and will continue to incur such expenses in the future.

WHEREFORE, the Plaintiff demands Judgment against Defendant, prejudgment interests, attorneys' fees, costs and any and all other relief Plaintiff is entitled to receive including a trial by jury.

DATED this 14th day of January, 2014.

_____
Raoul de la Heria, Esq.
Florida Bar No. 504704
2100 Coral Way, #500
Miami, Florida 33145
Telephone: (305) 858-2808
Facsimile:
Email: raoul@delaheria.com

_____
Jonathan B. Aronson, Esq.
Florida Bar No.: 434116
ARONSON LAW FIRM
5730 S.W. 74th Street, Suite 800
Miami, Florida 33143
Telephone:  (305) 662-1233
Facsimile:  (305) 662-1266
Email: jaronson@aronsonlawfirm.com